IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

        Plaintiff,                    No. CIV S-04-1897 LKK GGH P

   vs.

TOM CAREY, et al.,

        Defendants.          FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' November 10, 2005, motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b). After carefully considering the record, the court recommends that defendants' motion be granted.

<u>Plaintiff's Allegations</u>

        Plaintiff originally filed this action on September 10, 2004. This action is proceeding on the amended complaint filed March 2, 2005. The defendants are Warden Carey, Chief Deputy Warden Brown, Associate Warden Johns, Captain Scavetta, Lieutenant Motschenbacher, Lieutenant Stewart, Sergeant Paradis and Correctional Officer Edwards. The events alleged in the second amended complaint occurred at California State Prison-Solano (CSP-S).

1

1    Plaintiff alleges that in December 2003 he filed an employee misconduct complaint against defendant Edwards for her verbal harassment and threatening conduct. On December 28, 2003, defendant Paradis conducted a hearing regarding plaintiff's complaint. At the hearing, defendant Paradis told plaintiff that he should withdraw the complaint if he wanted to remain housed in one-facility. Plaintiff then withdrew his complaint because he did not want to be transferred.

   On January 9, 2004, defendant Edwards filed a disciplinary report falsely alleging that plaintiff had disobeyed an order by refusing to lock up. On January 26, 2004, plaintiff appeared before defendant Stewart for his disciplinary hearing. In the middle of the hearing, defendant Stewart stopped the hearing and said that he needed to conduct additional hearings. Plaintiff then filed a complaint against defendant Stewart for postponing the hearing. Plaintiff believed he could not get a fair hearing from defendant Stewart, because he was romantically involved with defendant Edwards.

   On February 29, 2004, the disciplinary hearing reconvened. At that time, plaintiff was found guilty of the charges.

   On March 26, 2004, plaintiff was placed in administrative segregation (ad seg) because defendant Edwards accused him of stalking her. On March 29, 2004, defendant Scavetta conducted a hearing regarding the lock up order. Plaintiff told defendant Scavetta that defendant Edwards had not identified the date that the alleged stalking occurred. Defendant Scavetta told plaintiff that "she don't want you at the facility. We will be transferring you."

   On March 30, 2004, defendants Scavetta and Brown conducted a classification committee hearing. At the hearing, plaintiff stated that he wanted an investigative employee, defendant Edwards to attend and several witnesses. Defendants Scavetta and Brown denied plaintiff's requests, and stated that they would grant defendant Edwards' request for plaintiff's transfer.

/////

1   On March 31, 2004, plaintiff received the rules violation report charging him with stalking. The report stated that defendant Motschenbacher affirmed the charges. On April 7, 2004, plaintiff received a new report which changed the stalking charge to a harassment charge. Plaintiff was later found guilty of harassing defendant Edwards and appealed to defendant Carey. Defendant Carey denied his appeal.

On May 23, 2004, plaintiff filed a misconduct complaint with internal affairs concerning the events that led to his harassment conviction. Two weeks later, Lieutenant Fields told him that defendant Carey had appointed him to investigate plaintiff's complaint. On July 23, 2004, defendant Carey decided to stop the investigation.

Plaintiff alleges that defendants Brown, Johns and Scavetta placed plaintiff on walk alone exercise yards while he was in ad seg. While on walk alone yard, plaintiff received only one hour of outdoor exercise per week.

As legal claims, plaintiff alleges that defendants retaliated against him for filing grievances when they found him guilty of failing to obey orders and harassing defendant Edwards and placed and retained him in ad seg. Plaintiff also alleges that he did not receive adequate outdoor exercise in violation of the Eighth Amendment.

Motion to Dismiss

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, §

\\\\\

1  3084.5). A final decision from the Director's level of review satisfies the exhaustion
2  requirement. Id. at 1237-38.

3  Administrative appeals alleging staff misconduct are processed differently.
4  Brown v. Valoff, 422 F.3d 926, 939 (9th Cir. 2005). Administrative appeals alleging staff
5  misconduct are logged by the appeals coordinator as Staff Complaints. 422 F.3d at 938. Once an
6  administrative appeal is *categorized* as a Staff Complaint, no further administrative remedies are
7  available because there is no possibility that it will be investigated, separately, through the
8  appeals process. Id. at 938-939. However, when an administrative appeal alleges staff
9  misconduct and other issues, then the inmate shall be notified that the other issues must be
10 separately appealed. Id. In this situation, further remedies are available as to these other issues.
11 Id. at 938-939.

12 In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates
13 must exhaust administrative remedies, regardless of the relief offered through administrative
14 procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely
15 exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be
16 brought with respect to prison conditions *until* such administrative remedies as are available are
17 exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

18 Defendants state that from January 1, 2004, to the present plaintiff has submitted
19 eleven grievances related to the issues of discipline, retaliation or administrative segregation that
20 were accepted for a Director's Level Decision. See Motion to Dismiss, Grannis Declaration, ¶ 7;
21 Cervantes Declaration, ¶ 4. Only one of these grievances, i.e. 04-01040, was denied at the
22 Director's Level prior to September 10, 2004, when plaintiff filed this *action*. Id. Although
23 plaintiff requested that several of his appeals be treated as staff misconduct complaints, these
24 grievances were processed through the regular administrative appeals process described above.
25 Because plaintiff was required to exhaust his administrative remedies prior to bringing this
26 *action*, the court will only consider the grievance denied at the Director's Level at the time

plaintiff filed this action. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).[1]

In appeal no. 04-01040, plaintiff challenged his conviction for disobeying an order. Defendants' Exhibit 1. Plaintiff alleged that defendant Stewart improperly postponed his disciplinary hearing. Id. Plaintiff also claimed that when the hearing reconvened, defendant Stewart failed to ask plaintiff if he had any witnesses or evidence and should have appointed an investigative employee. Id. Plaintiff also argued that insufficient evidence supported this conviction. Id.

In the amended complaint, plaintiff claims that defendant Edwards charged plaintiff with disobeying orders in retaliation for plaintiff's filing of the misconduct complaint, which he later withdrew. See also, plaintiff's opposition, p. 4. Plaintiff claims, as made clear in his opposition, that defendant Stewart conspired with defendant Edwards to retaliate against plaintiff by finding him guilty of these charges. Id., p. 5.

While plaintiff is not required to articulate his legal theories in his administrative appeal, see Strong v. Davis, 297 F.3d 646, 650 (9th Cir. 2002), he is required to provide sufficient information so as to put prison officials on notice as to the facts at issue in his claim. See Porter v. Nussle, 534 U.S. 516, 531, 122 S. Ct. 983 (2002) (emphasizing importance of providing prison officials with notice and opportunity to take action before prisoner files suit). Appeal no. 04-01040 contains no information which would have put prison officials on notice that plaintiff was claiming that defendants Edwards and Stewart conspired to retaliate against him for filing a misconduct complaint against defendant Edwards by finding him guilty of disobeying orders. The instant action challenges the validity of this disciplinary conviction on grounds different than those raised in plaintiff's administrative appeal. Accordingly, the court finds that this appeal does not exhaust plaintiff's administrative remedies regarding this claim.

---

[1] In his opposition, plaintiff argues that several of his grievances were denied at the Director's Level prior to the time he filed the amended complaint on which this action is proceeding. Plaintiff was required to exhaust his administrative remedies prior to the time he filed this action, rather than prior to the time he filed his operative complaint.

1    In his opposition, plaintiff argues that because he withdrew his December 2003
2 misconduct complaint against defendant Edwards under duress, this appeal should be deemed
3 exhausted. This argument fails for two reasons. First, this misconduct complaint alleged that
4 defendant Edwards verbally harassed and threatened plaintiff. The instant action contains no
5 separate claims based on these allegations. Instead, plaintiff is claiming that he was retaliated for
6 filing this complaint. Therefore, this complaint would have exhausted no claims raised in this
7 action. In addition, the court observes that after plaintiff withdrew this complaint, he filed 22
8 administrative appeals. Motion to Dismiss, Cervantes declaration, ¶ 4. Therefore, plaintiff's
9 claim that he withdrew this complaint under duress is not particularly credible.

10   In his opposition, plaintiff argues that the claims raised in appeal no. 04-01663
11 should be deemed exhausted because the Director's Level appeal was not denied within the
12 prescribed time limits. When prison officials fail to timely respond to an administrative
13 grievance, the prisoner has exhausted his administrative remedies. See Underwood v. Wilson,
14 151 F.3d 292 (5th Cir. 1998) (when a prisoner has undertaken all possible appeals but the prison
15 authorities fail to respond within the required time period, the prisoner has exhausted
16 administrative remedies); see also Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001) (remedies
17 were not "available" to a prisoner when the warden did not respond to the inmate's grievance
18 during the time period required by regulations).

19   On July 19, 2004, appeal no. 04-01663 was denied at the second level of review.
20 Motion to Dismiss, Exhibit 5. On March 14, 2005, appeal no. 04-01663 was denied at the
21 Director's Level of review. Third level responses are due within 60 working days of the denial
22 of the second level response. Cal. Code Regs., tit. 15, § 3084.6(4). Sixty working days from
23 July 19, 2004, would be October 13, 2004. Plaintiff was required to wait until the 60 working
24 days had run before filing this action. Because plaintiff filed this action before the sixty working
25 days had run, he filed the instant action prior to exhausting the claims raised in appeal no. 04-
26 01663.

In his opposition, plaintiff states that appeal no. 04-2621 is exhausted because it was granted in full at the second level. This appeal was *partially* granted at the second level. Motion to Dismiss, Exhibit 8. Accordingly, plaintiff's argument that this appeal is exhausted is without merit.

For the reasons discussed above, the court finds that plaintiff has failed to exhaust his administrative remedies. Defendants' motion to dismiss should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' November 10, 2005, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  6/2/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

ggh:kj  
har1897.mtd